UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZAFAR SHEIKH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| BUSHRA NASEER; CONGRESS & PULASKI REAL ESTATE, LCC; MDDS REAL ESTATE INC.; SYED BROKERAGE & CAPITAL CO.; BANK OF HOPE; LEWIS AVENUE FOOD MARKET INC.; SANDAL INC.; BYLINE BANK; INDUS USA INC.; SMALL BUSINESS ADMINISTRATION; and NON-RECORD CLAIMS AND UNKNOWN OWNERS, | ) ) ) ) ) ) ) ) ) ) ) ) No. 24 C 7041  Judge Blakey |
| Defendant. | ) |

**SMALL BUSINESS ADMINISTRATION'S MOTION TO DISMISS**

The United States Small Business Administration (SBA), by its attorney, Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and in support states as follows:

1. Plaintiff Zafar Sheikh's claims against the SBA should be dismissed because Congress has not waived the SBA's sovereign immunity.

2. To the extent that Sheikh intended to include the SBA as a defendant to the foreclosure counts (the first three counts of the complaint), those claims should be dismissed with respect to the SBA because they do not fall within the scope of 28 U.S.C. § 2410's waiver of sovereign immunity to foreclosure actions. Section 2410 applies only when the United States has or claims a lien on the subject property. 28 U.S.C. § 2410(a); *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1092 (9th Cir. 2007) ("Congress expressly limited waiver of sovereign immunity

under § 2410 to actions where the United States 'has or claims a mortgage or other lien.'"). Here, the complaint does not allege that the SBA has or claims a lien on the subject properties (and it does not). Compl. ¶¶ 26(g), 40(h), 51-54.

3. The final (fourth) count of the complaint asserts that the SBA and Byline Bank breached fiduciary duties. Compl. at 14 and ¶ 97. The complaint focuses on a loan that Ridgestone Bank extended to Lewis Avenue Food Market Inc. and Sandal Inc. under the SBA's 7(a) program (the SBA's primary business loan program for small businesses), which loan was guaranteed by Bushra Naseer. The complaint points to several documents pertaining to that loan that are attached to the complaint, including a note from Lewis Avenue Food Market and Sandal in favor of Ridgestone Bank, Compl. ¶ 69 and Ex. I; an unconditional guarantee from Naseer to Ridgestone Bank, Compl. ¶ 72 and Ex. J; a mortgage granted by Lewis Avenue Food Market to Ridgestone Bank, Compl. ¶ 74 and Ex. K; a mortgage given by Sandal to Ridgestone Bank, Compl. ¶ 77 and Ex. L; a business loan agreement between Ridgestone Bank, Lewis Avenue Food Market, and Sandal, Compl. ¶ 85 and Ex. M; a borrower's certification from Lewis Avenue Food Market and Sandal to Ridgestone Bank, Comp. ¶ 92 and Ex. N; and a security agreement between Sandal and Ridgestone Bank, Compl. ¶ 93 and Ex. O.

4. After repeatedly misrepresenting that the SBA was a party to the foregoing loan documents (as refuted by the documents themselves), the complaint alleges that Naseer violated those "agreements," that the SBA and Byline Bank "ignored" those violations, and that if the SBA and Byline "had followed through with their agreements" and "foreclosed the properties in open bid at the Sheriff auctions," Shiekh "would have received and recouped on the Court judgments which were entered by the Court in his favor and against Naseer over two years ago." Compl. ¶¶

2

94-96. Thus, in essence, Sheikh's theory is that he was harmed because the SBA did not enforce loan documents to which the SBA was not a party in a transaction to which Sheikh was not a party.

5. Sheikh's claim for breach of fiduciary duty should be dismissed because Congress has not waived the SBA's sovereign immunity for this claim. As an initial matter, Sheikh fails to allege a claim against the SBA that falls within the scope of the Little Tucker Act's waiver of sovereign immunity. The Little Tucker Act waives sovereign immunity to a claim in district court "against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1346(a)(2). The Act itself does not create substantive rights and, therefore, any claim against the SBA must be premised on some other source of law. *United States v. Bormes*, 568 U.S. 6, 10 (2012). Here, Sheikh's only claim against the SBA is that it violated its "fiduciary duties under CFR 13 of the federal regulations." Compl. ¶ 97. To the contrary, while it is doubtful that Title 13 of the Code of Federal Regulations creates *any* fiduciary duties, it suffices to say that it does not create fiduciary duties to Sheikh, who, based on the allegations in the complaint, has *no* relationship with the SBA. Therefore, the Little Tucker Act does not waive the SBA's sovereign immunity and the SBA should be dismissed from the case. *Bennett v. United States*, 2024 WL 4005098, at *20 (S.D. Cal. 2024) (dismissing breach of fiduciary duty claim against the FBI where the regulation did not create a fiduciary relationship and therefore the court lacked jurisdiction under the Little Tucker Act); *Pontrefact v. United States*, 2023 WL 5352199, at *4 (N.D. Ohio 2023) (dismissing breach of fiduciary duty claim for lack of jurisdiction under Little Tucker Act where statute did not create fiduciary duty).

6. Further, to the extent Sheikh asserts that his claim falls within the Federal Tort Claims Act, no remedy is available against the United States under the FTCA unless the plaintiff has first presented a claim to the appropriate federal agency and that agency has denied the claim or has failed to issue a final decision within six months of the date that the claim was presented. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim."); *Erxleben v. United States*, 668 F.2d 268, 270 (7th Cir. 1981). In addition to being a prerequisite to suit, the exhaustion requirement is likely jurisdictional as well. Although the Seventh Circuit (alone among the circuits) has held to the contrary, *e.g., Parrott v. United States*, 536 F.3d 629, 634 (7th Cir. 2008) (noting that the FTCA statutory exceptions "limit the breadth of the Government's waiver of sovereign immunity, but they do not accomplish this task by withdrawing subject-matter jurisdiction from the federal courts"), more recent Supreme Court decisions suggest the opposite. *Brownback v. King*, 141 S. Ct. 740, 749 (2021) (holding that "in the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional."), and *United States v. Kwai Fun Wong,* 575 U.S. 402, 411-12 (2015) (also indicating that the FTCA's §§ 2671-2680 requirements are jurisdictional).[1]

7. The complaint in this case does not allege that Sheikh ever presented an administrative claim to the SBA. And the SBA has no record of any such claim having been filed. Exhibit A (declaration of Eric Benderson); *see Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999

---

[1] The SBA takes no position for purposes of this motion on whether the plaintiff's claim falls within the category of claims described in 28 U.S.C. § 1346(b)(1). In addition, the SBA notes that, even if the plaintiff were to exhaust administrative remedies, any subsequent lawsuit against the United States would face numerous challenges, including the FTCA's discretionary function exception, the unavailability of injunctive relief under the FTCA, and the failure to state a claim.

F.2d 188, 191 (7th Cir. 1993) (noting that in a motion to dismiss the court may look beyond the jurisdictional allegations of the complaint to determine whether subject matter jurisdiction exists); *Chaba v. United States Postal Serv.*, 2021 WL 1293830, at *5 (N.D. Ill. 2021) (considering agency's declaration and noting "it is altogether routine for courts to dismiss on Rule 12(b)(6) grounds for failure to exhaust"); *Blake v. Bradley*, 2022 WL 865843, at *7 (N.D. Ill. 2022) (dismissing FTCA claim for failure to exhaust). In any event, no tort claim can be brought against the SBA itself because the "only proper defendant in an FTCA action is the United States," *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008), and the United States is not a defendant in this case. Thus, Sheikh's action against the SBA cannot proceed under the FTCA.

WHEREFORE, the SBA should be dismissed from this case.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ David H. DeCelles
DAVID H. DECELLES
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4220
david.decelles@usdoj.gov

**Certificate of Service**

The undersigned Assistant United States Attorney hereby certifies that in accordance with Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

NOTICE OF MOTION

SMALL BUSINESS ADMINISTRATION'S MOTION TO DISMISS

were served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by first-class mail on October 25, 2024, to the following parties:

Zafar Sheikh
4619 Herzog Street
Austin, TX 78723

Bushra Naseer
3673 W. Northshore Ave.
Lincolnwood, IL 60712

Congress & Pulaski Real Estate, LLC
300 N. Martingale, # 300
Schaumburg. IL 60173

Syed Brokerage
4418 N. Milwaukee Ave.
Chicago, IL 60630

MDDS Real Estate
2707 W. Peterson Ave.
Chicago, IL 60659

Lewis Ave. Food Market
2707 W. Peterson Ave.
Chicago, IL 60659

Sandal Inc.
3673 W. North Shore Ave.
Lincolnwood, IL 60712

Indus USA Inc.
2707 W. Peterson Ave.
Chicago, IL 60659

                                                    s/ David H. DeCelles
                                                    DAVID H. DeCELLES
                                                    Assistant United States Attorney
                                                    219 South Dearborn Street
                                                    Chicago, Illinois 60604
                                                    (312) 353-4220
                                                    david.decelles@usdoj.gov