## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Zafar Sheikh, ) | |
| ) | Case No. 24 – CV - 7041 |
| Plaintiff, ) | |
| ) | |
| v. ) | **Hon. Judge Robert Blakey** |
| ) | |
| Bushra Naseer, Congress & Pulaski Real LLC, ) | Magistrate Judge Beth Jantz |
| MDDS Real Estate Inc., Syed Brokerage ) | |
| & Capital Co., Bank of Hope, Successor in ) | |
| Interest to Wilshire Bank, Lewis Avenue Food ) | |
| Market, Inc. Sandal Inc., Byline Bank, Indus ) | |
| USA Inc., Small Business Administration ) | |
| (SBA) Of the USA, Non-Record Claimants ) | |
| & Un-Known Owners, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT BANK OF HOPE'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

**NOW COMES** Defendant, Bank of Hope, Successor in Interest to Wilshire Bank ("BOH"), by and through its attorneys, Ashen Law Group, and for its Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

1. On August 9, 2024, Plaintiff filed his Verified Complaint for Foreclosure of Judgment Lien ("Complaint"), wherein he seeks to foreclose on alleged judgment liens in his favor and attached to several properties: one in Waukegan, Lake County, and two in Chicago, Cook County. *See* Complaint, Dkt. No. 1.

2. The Complaint alleges Plaintiff is the legal holder of a Memorandum of Judgment recorded on May 18, 2022, in the Cook County Recorder of Deeds Document No. 2213819027 (the "MOJ"). *See Id.* at p. 10.

3. The MOJ stems from a judgment order entered in Plaintiff's favor and against Defendant to this action, Bushra Naseer, the amount of $257,000 on <u>April 26, 2022</u>, in the Circuit Court of Cook County. See *Id.* at p. 5. With post judgment interest, Plaintiff alleges the balance of the judgment is $322,000. See *Id.*

4. One of the properties Plaintiff seeks to foreclose on is commonly known as 415 S. Pulaski Avenue, Chicago, Illinois 60624 (the "Pulaski Property").

5. BOH is mortgagee to the Property as successor in interest to Wilshire Bank, which recorded its mortgage against the Property on April 13, 2016, as Document No. 1610449159 (the "BOH Mortgage")

6. Plaintiff alleges that, by virtue of his successfully foreclosing on the MOJ, BOH's interest in the Pulaski Property would be terminated. See Dkt. No. 1 at p. 10.

7. It is well established under Illinois law that a a suit to foreclose a junior lien can cut off only rights or claims of interest *subsequent* to the interest asserted. *See Heritage Fed. Credit Union v. Giampa*, 251 Ill. App. 3d 237, 238, 622 N.E.2d 48, 49 (1993) citing *Gregory v. Suburban Realty Co.* (1920), 292 Ill. 568, 575, 127 N.E. 119; *Dodds v. Snyder* (1867), 44 Ill. 53, 55–56.

8. While BOH is a permissive party to this action under Illinois law due to its interest in the Pulaski Property, assuming for the purposes of the instant motion that the MOJ is properly attached the Pulaski Property, it is plainly evident that the BOH Mortgage (recorded in 2016) is senior to that of the MOJ (recorded in 2022), and the foreclosure of the MOJ would not extinguish the Mortgage. Accordingly, Plaintiff has stated a claim against BOH under which relief cannot be granted as a matter of law.

**WHEREFORE**, Defendant, Bank of Hope, Successor in interest to Wilshire Bank, respectfully requests that the Court enter an order dismissing Plaintiff's Complaint, and for any other relief this Court deems just and equitable.

Dated: October 25, 2024

Respectfully submitted,

ASHEN LAW GROUP

By: /s/Brian Gipson
**Brian Gipson, Esq.**
Attorney for Bank of Hope
217 N. Jefferson St., Suite 601
Chicago, Illinois 60661
312.655.0800 / Atty. No.: 6335936
bgipson@ashenlaw.com